IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **JAMES ELLIS SIMMS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 15-2156** |
| v. | * | |
| | * | |
| | * | |
| **NANCY A. BERRYHILL,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

***********

### MEMORANDUM OPINION

Plaintiff James Ellis Simms seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 18).[2]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**, Plaintiff's Motion for Summary Judgment

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

(ECF No. 15) is **DENIED**, and this matter is **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g).

# I

## Background

Plaintiff was born in 1960, has an eleventh-grade education, and previously worked as a janitor/custodian, groundskeeper, and truck loader.  R. at 19, 219, 224.  Plaintiff protectively filed an application for DIB on December 19, 2011, alleging disability beginning on April 3, 2008, due to rheumatoid arthritis and gout.  R. at 11, 167-68, 218.  The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 76-95, 104-07, 110-13.  On March 5, 2014, ALJ Jennifer M. Long held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified.  R. at 27-73.  At the hearing, Plaintiff amended his alleged onset date of disability to February 18, 2010.  R. at 29, 185.  On April 22, 2014, the ALJ issued a decision finding Plaintiff not disabled from April 3, 2008, through the date last insured of December 31, 2013.  R. at 8-26.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on June 9, 2015.  R. at 1-7.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On July 23, 2015, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

**A.     State Agency Medical Consultants**

On May 16, 2012, a state agency medical consultant, Navjeet Singh, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 79-81. Dr. Singh opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 80. Plaintiff occasionally could climb, stoop, kneel, crouch, and crawl. R. at 80. He frequently could balance. R. at 80. Plaintiff's reaching with his left upper extremity was limited to "very occasional reaching" in front, laterally, and overhead because his left shoulder's range of motion was significantly limited. R. at 80-81. Plaintiff had no visual, communicative, or environmental limitations. R. at 81. On December 10, 2012, another state agency consultant, W. Hakkarinen, M.D., concurred with Dr. Singh's opinion regarding Plaintiff's physical RFC. R. at 90-92.

**B.     Hearing Testimony**

   **1.     Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in her decision:

> [Plaintiff] testified that he lives with a female friend and grandchildren. He reported that he drives the children to school daily and that the bus brings them back home. [Plaintiff] stated that he stopped working in April 2008 at Prince Georges [sic] County Schools due to back pain. He stated that he underwent knee surgery and subsequently went on disability. [Plaintiff] reported that he suffers from gouty arthritis, which affects his elbows, knees, feet and hands. He explained that his hands swell, and he experiences tightness in the hands. [Plaintiff] reported that he has problems with his feet, stating that his Achilles tendons swell up. He reported that he was previously a heavy drinker, and alleged he had not consumed alcohol in two to three years.

R. at 14; *see* R. at 33-68.

### 2. VE Testimony

The VE testified that a hypothetical person with Plaintiff's same age, education, and work experience who had the RFC outlined in Part III below could not perform Plaintiff's past work but could perform the unskilled, light jobs of counter clerk, router, or non-postal mail clerk.[3]  R. at 69-70.  The VE's testimony was consistent with the *Dictionary of Occupational Titles*.[4]  R. at 70.

### III

### Summary of ALJ's Decision

On April 22, 2014, the ALJ found that, through the date last insured of December 31, 2013, Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of April 3, 2008; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as a counter

---

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* § 404.1567(b).

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 404.1566(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

clerk, router, or non-postal mail clerk.  R. at 13-20.  The ALJ thus found that he was not disabled from April 3, 2008, through the date last insured of December 31, 2013.  R. at 21.

In so finding, the ALJ considered Listings 1.02 for major dysfunction of a joint and 14.09 for inflammatory arthritis, but she found that, through the date last insured, the severity of Plaintiff's impairments did not meet or equal any section of the Listings (R. at 14).  *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 1.02, 14.09.  The ALJ then found that, through the date last insured, Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] is limited to lifting and carrying twenty pounds occasionally and ten pounds frequently.  [Plaintiff] can sit for six hours in an eight-hour workday and stand and walk for six hours in . . . an eight-hour workday.  [Plaintiff] can push and pull is unlimited, except as shown for the ability to lift and carry.  He can frequently balance, occasionally climb, crawl, crouch, kneel, and stoop, and he [can] occasionally reach with the left upper extremity.

R. at 14.  The ALJ also considered Plaintiff's credibility and found that his "medically determinable impairments could reasonably be expected to cause symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision."  R. at 15.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is

---

in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff maintains that the ALJ erred in not finding that he met or medically equaled Listing 14.09, "despite the overwhelming evidence of the severity of [his] gouty arthritis, which required numerous surgeries to his knees and elbows." Pl.'s Mem. Supp. Mot. Summ. J. 28, ECF No. 15-1. Defendant contends, however, that Plaintiff failed to satisfy his burden that he meets or equals Listing 14.09, and she points to the ALJ's consideration of Plaintiff's subjective complaints. Def.'s Mem. Supp. Mot. Summ. J. 9-10, ECF No. 18-1.

The Court remands this case for further proceedings. At step three of the sequential evaluation process, the ALJ merely stated: "The undersigned considered Social Security Listings 1.02 for major dysfunction of a joint and 14.09 for inflammatory arthritis. The undersigned finds that the severity of [Plaintiff's] impairments did not meet or equal any section of the Social Security listings." R. at 14. The Fourth Circuit has "held that '[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the

pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (alteration in original) (quoting *Radford*, 734 F.3d at 295). Here, "the ALJ did not apply findings to the disability listing. Rather, the ALJ engaged in the same conclusory analysis that [the Fourth Circuit] found to be unacceptable in *Radford*." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (per curiam). "As in *Radford*, where the ALJ stated that he had 'reach[ed] this conclusion' after he 'considered, in particular,' the listings, in this case, the ALJ's analysis was likewise perfunctory and offered nothing to reveal *why* [she] was making [her] decision." *Id.* (first alteration in original) (quoting *Radford*, 734 F.3d at 295). "Nor was there any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting same).

It is not the Court's "role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The Court's resolution of Plaintiff's step-three issue would invite the Court "to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step Three," which the Court may not do. *Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (per curiam). As noted above, the Court does not reweigh conflicting evidence. Because "the ALJ's failure to adequately explain [her] reasoning precludes [the Court] from undertaking a 'meaningful review' of the finding that [Plaintiff] did not satisfy Listing [14.09]," *Radford*, 734 F.3d at 296, remand is appropriate, and the Court need not address Plaintiff's remaining arguments. *See Brown*, 639 F. App'x at 923.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Defendant's

final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 27, 2017                                     /s/
                                                         Thomas M. DiGirolamo
                                                         United States Magistrate Judge